OPINION
{¶ 1} Defendant-appellant, Jody Lattire, appeals his convictions in the Butler County Court of Common Pleas for burglary, assault, criminal damaging, and aggravated burglary. We affirm the convictions, vacate the sentence, and remand for re-sentencing for the reasons outlined below.
 {¶ 2} On the night of February 4, 2003, appellant was involved in the first of two incidents that led to his criminal convictions. Appellant telephoned the trailer of Judy Middleton at approximately 2:00 A.M., attempting to talk to a former girlfriend, Lindsey Cravens, who resided with Middleton. Middleton, having just arrived home from a closing work shift with her coworker Cravens, answered and informed appellant that Cravens did not want to speak to him. Appellant cursed Middleton, at which point she hung up the phone. Appellant called again shortly thereafter and received the same refusal. Additional profanity followed, but this time, the language was accompanied by a threat of physical violence. Middleton hung up on appellant and subsequently refused to answer the several phone calls made by appellant immediately thereafter.
 {¶ 3} Approximately 30 minutes after the last unanswered phone call, Middleton heard a noise outside her residence. Middleton testified that while she was peering through her door's peephole, appellant "kick[ed] in the door," causing Middleton to be pushed back towards a couch inside the trailer. In the ensuing altercation, Middleton sustained injuries while attempting to prevent appellant's pursuit of Cravens. During the dispute, the police were called. Appellant, visibly upset, attempted to apologize before again threatening Middleton and Cravens. He then fled the residence. After exiting, appellant threw a bird feeder through a window of the trailer. The police arrived, but they were unable to locate appellant at that time.
 {¶ 4} On February 6, 2003, appellant participated in a similar scenario. Middleton and Cravens again worked until late at night. They asked another friend, Anthony Napier, to provide protection for them when they finished working. Appellant called for Cravens at Middleton's residence, but Middleton informed appellant that Cravens did not want to speak to him. Appellant responded with obscenities, prompting Middleton to hang up. Appellant called back. This time, Napier answered the phone. The two argued. Napier told appellant to "come on down" and appellant agreed to "come down."
 {¶ 5} About an hour after the phone conversation ended, appellant again entered the trailer. This time, a physical altercation occurred between appellant and Napier. The men exchanged blows and grappled. During the struggle, appellant fell through a glass end table inside the trailer. Appellant fled but was later apprehended by the police.
 {¶ 6} On March 24, 2003, appellant was indicted for burglary, assault, criminal damaging, aggravated menacing, and aggravated burglary. He was tried by a jury in October 2003. The jury returned guilty verdicts on all counts except aggravated menacing. On December 9, 2003, the court sentenced appellant to an aggregate of four years imprisonment for the multiple offenses, and fined him a total of $4,000.
 {¶ 7} Appellant now appeals the convictions raising three assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial."
 {¶ 10} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was both deficient and prejudicial. Strickland v. Washington (1984), 466 U.S. 668,687,104 S.Ct. 2052. Appellant must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. Appellant must further show that he was prejudiced by this deficient performance. Id. at 687. Appellant demonstrates prejudice when, but for counsel's errors, a reasonable probability exists that the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 143. A strong presumption exists that the licensed attorney is competent and that the challenged action falls within the wide range of professional assistance. Id. at 142, quoting Strickland, at 689.
 {¶ 11} Appellant argues trial counsel was ineffective because he failed to do the following: request discovery; object to "prejudicial characterizations" by the prosecutor; object to the foundation requirements for photographs admitted into evidence; and prepare adequately for trial.
 {¶ 12} Upon review of the record, we find no merit to appellant's assertions that he received ineffective assistance of counsel. Appellant argues that trial counsel was deficient because he did not request discovery. We first find that the absence of such request can often times be a specific, strategic decision by the attorney. Under the rules of criminal procedure, a defendant's discovery request allows the prosecution to ask the same of defendant. See Crim.R. 16(C)(1)(a)-(c); State v. Gaines
(Apr. 17, 2000), Butler App. No. CA99-04-082.
 {¶ 13} Additionally, the items appellant alleges to have needed prior to trial, namely the witnesses' prior written statements of February 6, 2003, and appellant's own taped statement, did not prejudice appellant. Our review of the record shows that the witnesses' prior written statements are consistent with their testimony at trial. Furthermore, appellant need not have requested discovery of his own statement to police. We find no indication that the result of the trial would have been otherwise different even if appellant had requested discovery.
 {¶ 14} We also find no deficiency in counsel's failure to object to any characterizations referring to appellant's entry into the home when the appellant's actions were not in dispute. Specifically, appellant refers to the state's description of appellant "breaking into" Middleton's trailer. However, appellant, on no less than four occasions during both direct and cross-examinations, admitted that he "pushed the door in" and "forced" his way into the trailer, uninvited and unannounced. Trial counsel's representation did not fall below an objective standard of reasonableness under these circumstances.
 {¶ 15} Appellant further alleges that his trial counsel did not object to foundational requirements for the state's photographic exhibits prior to their admission. The record reveals, however, that trial counsel did, in fact, object. The judge overruled this objection based upon the proper authentication of the photos. Middleton testified that the photos accurately represented the condition of her trailer and injuries at the time the incidents occurred.
 {¶ 16} Lastly, appellant asserts that his trial counsel was inadequately prepared, citing counsel's alleged failure to present a defense or thoroughly prepare appellant for his testimony. These broad and conclusory assertions, however, are insufficient to establish ineffective assistance of counsel. SeeState v. Payton (1997), 124 Ohio App.3d 552, 561; State v.Jackson (1980), 64 Ohio St.2d 107.
 {¶ 17} The record shows that appellant did receive adequate and effective representation. Appellant cannot show how he was prejudiced by any alleged deficiency. Thus the first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for burglary, assault and aggravated burglary."
 {¶ 20} While appellant raises both insufficient evidence and manifest weight of the evidence arguments in a single assignment of error, appellant only presents arguments questioning the sufficiency of the evidence to support a conviction. It is important to remember, however, that the two concepts, though similar, are distinct. A test for sufficiency of evidence requires a determination of whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52 (Cook, J., concurring). A manifest weight challenge, however, questions whether the state has met its burden of persuasion. Id.
 {¶ 21} Accordingly, the test by which an appellate court reviews a sufficiency of the evidence claim is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 22} Appellant first challenges his burglary and aggravated burglary convictions on the grounds that there was insufficient evidence to prove that appellant 1) used the requisite force for burglary and aggravated burglary; 2) came into the home with the purpose to commit a criminal offense inside; and 3) trespassed during the February 6, 2003 incident.
 {¶ 23} R.C. 2911.12(A)(2) defines burglary, in pertinent part:
 {¶ 24} "No person, by force, stealth, or deception, shall do any of the following: Trespass in an occupied structure * * * with purpose to commit in the habitation any criminal offense."
 {¶ 25} Similarly, R.C. 2911.11(A)(1) defines aggravated burglary:
 {¶ 26} "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense, if any of the following apply: the offender inflicts, or attempts or threatens to inflict physical harm on another."
 {¶ 27} Contrary to appellant's assertions, it is well-established that any force effecting entrance, however slight, constitutes the force required to satisfy this element.Goins v. State (1914), 90 Ohio St. 176, paragraph one of the syllabus. Middleton testified that the door was "kicked in" on February 4 and 6. The state also presented evidence of appellant's shoe print on the outside of the door. Even appellant, himself, testified that he "pushed the door in" on February 4 and "pushed the door in again" two days later. Any rational juror could find the required element of force from these facts.
 {¶ 28} Likewise, appellant's argument that the evidence was insufficient to show that he possessed an intent to commit a criminal offense is without merit. The prosecution produced testimony from Middleton and Napier about appellant's physical altercations with each of them. The arresting deputy testified to the injuries of the two victims he witnessed. Viewing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence for the jury to find appellant intended to commit assault within Middleton's trailer, thus satisfying the burglary and aggravated burglary element.
 {¶ 29} Appellant also alleges that there was insufficient evidence to show he was trespassing. Appellant maintains that Napier extended an invitation to "come down." However, when appellant attacked Napier, the action committed withdrew any invitation to "come down" that appellant may have received. SeeState v. Steffen (1987), 31 Ohio St.3d 111, 115. Any rational trier of fact can infer the privilege to remain on the premises was terminated when appellant threw a punch at Napier's nose.
 {¶ 30} Appellant further argues that there was insufficient evidence in support of his assault conviction.
 {¶ 31} R.C. 2903.13(A) states: {¶ 32} "No person shall knowingly cause or attempt to cause physical harm to another."
 {¶ 33} At trial, Middleton testified that appellant grabbed her, picked her up, and then threw her around to get to Cravens. Middleton received bruises on her arm as a result of appellant's actions. Photographic evidence of Middleton's bruises was admitted into evidence. Viewing the evidence presented in a light most favorable to the state, we find that there was sufficient evidence for the jury to find all the elements beyond a reasonable doubt to convict appellant of assault.
 {¶ 34} With regard to appellant's manifest weight of the evidence claim, an appellate court must review the entire record to determine whether the state has met its burden of persuasion. The court must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. This discretionary power should be exercised only in the exceptional case where the evidence weighs heavily against conviction. Id.
 {¶ 35} An appellate court will not reverse a judgment as being against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the jury's resolution of any conflicting testimony. Id. at 389. When reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 36} As mentioned previously, appellant's second assignment of error asserts an insufficient weight of the evidence claim, or in the alternative, a manifest weight of the evidence claim. Appellant, however, fails to provide any specific argument to support the manifest weight claim.
 {¶ 37} App.R. 12(A)(2) provides as follows:
 {¶ 38} "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required under App.R. 16(A)."
 {¶ 39} App.R. 16(A)(7) requires appellant's brief to include an argument containing appellant's contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.
 {¶ 40} Because appellant fails to cite any legal authority, cite any portion of the record, or present any specific argument with respect to his manifest weight argument, we disregard appellant's second assignment of error with respect to that portion of his claim for failure to comply with App.R. 12(A)(2) and App.R. 16(A)(7). See State v. Watson (1998),126 Ohio App.3d 316, 321. Appellant's second assignment of error is overruled.
 {¶ 41} Assignment of Error No. 3:
 {¶ 42} "The trial court erred as a matter of law by improperly sentencing appellant."
 {¶ 43} Appellant first argues that the trial court erred by imposing a sentence greater than the minimum sentence for his convictions. Appellant claims that the court failed to properly consider or articulate the reasons for imposing this sentence.
 {¶ 44} R.C. 2929.14(B) provides as follows:
 {¶ 45} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless * * * the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 46} "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v.Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110, syllabus. However, the Ohio Supreme Court has recently held that "when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus.
 {¶ 47} Appellant was sentenced to concurrent four and three-year prison terms for the aggravated burglary and burglary convictions, first-degree and second-degree felonies respectively. Each sentence imposed a year's duration of imprisonment greater than the minimum sentence.
 {¶ 48} At the sentencing hearing, the trial court stated both the court's findings and the reasons for its finding to impose a non-minimum sentence. The court found that there was the need to adequately protect the public from future crime by appellant. The court explained, "[T]here is one factor present indicating that recidivism is likely, and that factor is that there's been a prior adjudication of delinquency or history of criminal convictions." The trial court found that appellant had three juvenile offenses, including a breaking and entering with an elderly victim. The court, addressing appellant's adult record, stated, "As far as the adult record is concerned, we have several [offenses] as well, some of which have to do with alcohol, consumption and open flasks and things like that and having alcohol in vehicles." The trial court noted a resisting arrest conviction and two failure to appear offenses.
 {¶ 49} The trial court proceeded to state its finding of one seriousness factor before imposing the non-minimum sentence. "[T]hat factor is that the relationship with the victim facilitated the offense, and they [sic] were multiple victims here in the trailer, * * * [appellant] did know and had a relationship with them earlier on." The trial court also found that "there is little to no taking of responsibility for these actions or acknowledgement of the seriousness of these actions."
 {¶ 50} After describing appellant's penalty for each offense, the court stated, "Now, in both of these cases, these are one year more than the minimum. I do find and state that the minimum sentence in each of these two would demean the seriousness of the offense and would not adequately protect the public."
 {¶ 51} It is clear from the record that the court made findings regarding both the seriousness of the crime and the need to protect the public from future crime during appellant's sentencing. We find that the trial court complied with R.C.2929.14(B) and relevant case law when it made these findings and gave the reasons supporting the findings on the record at the hearing.
 {¶ 52} Appellant secondly argues that the trial court erred by failing to advise him of post-release control sanctions. Appellant claims that the court did not satisfy the proper notification requirements regarding the conditions of his postrelease control and the consequences for violating those conditions. We agree.
 {¶ 53} R.C. 2929.19(B) states in pertinent part:
 {¶ 54} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [n]otify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree."
 {¶ 55} R.C. 2967.28 provides that each sentence for a felony of the first and second degree must include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. The period of post-release control required by R.C.2967.28(B) is five years for a first-degree felony and three years for a second-degree felony.
 {¶ 56} Further, the Ohio Supreme Court determined that "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Woodsv. Telb, 89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus.
 {¶ 57} A review of the record shows that the trial court did not verbally notify appellant that he was subject to postrelease control at the sentencing hearing. Pursuant to R.C.2929.19(B)(3)(c), appellant's third assignment of error is sustained.
 {¶ 58} Thus, we affirm appellant's convictions, but reverse and vacate appellant's sentence and remand the cause to the trial court for resentencing.
Powell and Walsh, JJ., concur.