[Cite as *State v. Howard*, 2015-Ohio-158.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                              :

    Plaintiff-Appellee,              :          CASE NO.   CA2014-04-091

                                                   :          O P I N I O N
  - vs -                                                                  1/20/2015

                                                   :

THOMAS R. HOWARD,                          :

    Defendant-Appellant.            :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-12-2047


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Brandabur & Bowling Co., L.P.A., Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Thomas R. Howard, appeals from his sentence in the Butler County Court of Common Pleas for theft from an elderly person or disabled adult.  For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

{¶ 2}   Appellant was indicted on January 29, 2014, on one count of forgery in violation

of R.C. 2913.31(A)(3), a felony of the fifth degree, and on one count of theft from an elderly person or disabled adult in violation of R.C. 2913.02(A)(1) and (B)(3), a felony of the fourth degree. The charges arose out of allegations that appellant took $5,480 from his elderly victim, Margaret Elieff, without her consent.

{¶ 3} On February 24, 2014, appellant pled guilty to theft from an elderly person or disabled adult, and the state dismissed the forgery charge. A sentencing hearing was held on March 24, 2014, at which time the trial court imposed an 18-month prison term and ordered restitution in the amount of $5,480. The trial court was silent as to whether court costs would be imposed. On March 26, 2014, the trial court issued its Judgment Entry of Conviction and, within its entry, ordered appellant to pay court costs.

{¶ 4} Appellant timely appealed, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF [APPELLANT] WHEN IT ORDERED FINANCIAL SANCTIONS WITHOUT CONSIDERING APPELLANT'S ABILITY TO PAY SAID SANCTION.

{¶ 7} In his first assignment of error, appellant contends the trial court erred by imposing court costs in its sentencing entry without notifying him that it was imposing costs during the sentencing hearing. Appellant contends that by failing to inform him at the sentencing hearing that the court was imposing such costs, the court denied him the opportunity to present evidence about his inability to pay the sanction. The state concedes that the trial court failed to inform appellant at the sentencing hearing that it was imposing court costs.

{¶ 8} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, the Ohio Supreme Court held that a trial court errs by imposing court costs in its sentencing entry when it failed to impose those costs in open court at the sentencing hearing. *Id.* at ¶ 22. When such an error

occurs, the remedy is to remand for the limited purpose of allowing the defendant to move the court for a waiver of payment of court costs. *Id.* at ¶ 22-23.

{¶ 9} Upon review of the transcript, it is clear that the trial court did not impose court costs during the sentence hearing. As a result, appellant suffered harm in that he was denied the opportunity to claim indigency and seek a waiver of those costs before the trial court. *Id.; State v. Simmonds*, 12th Dist. Clermont No. CA2011-05-038, 2012-Ohio-1479, ¶ 37. Appellant's first assignment of error is, therefore, sustained, and his sentence is reversed and remanded for the limited purpose of imposing court costs in accordance with the Supreme Court's holding in *Joseph.*

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE COURT ABUSED ITS DISCRETION WHEN IT SENTENCED [APPELLANT] TO EIGHTEEN MONTHS INCARCERATION.

{¶ 12} In his second assignment of error, appellant argues the trial court abused its discretion in sentencing him to 18 months in prison and three years of postrelease control. Appellant has not, however, provided any specific argument or citation to authority or the record in support of his claim.

{¶ 13} App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." In turn, App.R. 16(A)(7) requires an appellant's brief to include an argument containing the appellant's contentions with respect to each assignment of error presented for review and "the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 14} Because appellant failed to cite to any legal authority, to cite any portion of the record, or to present any specific argument with respect to his contention that the trial court

abused its discretion in imposing his sentence, we disregard the second assignment of error for his failure to comply with App.R. 12(A)(2) and App.R. 16(A)(7). *See State v. Lattire*, 12th Dist. Butler No. CA2004-01-005, 2004-Ohio-5648, ¶ 40; *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998).

{¶ **15**} Appellant's second assignment of error is, therefore, overruled.

{¶ **16**} Judgment affirmed in part, reversed in part, and this cause remanded for further proceedings consistent with this opinion.

RINGLAND, P.J., and PIPER, J., concur.