OPINION
{¶ 1} Defendant-appellant, Prentice M. Jones, appeals from the July 15, 2004 conviction and sentence in the Court of Common Pleas, Allen County, Ohio. Following a jury trial, Jones was convicted of one count of burglary and one count of misdemeanor assault, and was sentenced to prison terms of seven years and 180 days, respectively, to be served concurrently. For the reasons set forth below, we find Jones' appeal to be without merit and affirm the judgment and sentence of the trial court.
 {¶ 2} The charges in this case stem from an incident involving Jones, his ex-girlfriend Alicia Brown, and her new boyfriend Ajelous Kelly on November 22, 2003. Brown had apparently ended her relationship with Jones after she decided to get back together with Kelly, who was the father of one of her children and with whom she had a previous long-term relationship.
 {¶ 3} According to Brown, she received a telephone call from Jones at approximately 2:45 a.m. on November 22nd, the day after she had ended their relationship. This phone conversation lasted for approximately one hour, and upset Brown to the point that afterward she immediately contacted a co-worker to discuss obtaining a restraining order against Jones. Jones then called back, at which point Brown disconnected her telephone.
 {¶ 4} According to her testimony, Brown awoke later that morning to find Jones standing in the hallway of her home looking into her bedroom. Brown was able to make her way into a bathroom with a telephone, and she called 9-1-1. Thereafter, a struggle ensued between Jones and Kelly, who was staying in Brown's home that night. The struggle lasted several moments, and continued through various rooms of the house. At some point during this struggle Jones obtained a steak knife from a kitchen drawer, which he then wielded at Kelly.
 {¶ 5} The police then arrived on the scene, and Jones submitted without apparently offering much resistance. Officer Holman testified that when he arrived on the scene he saw Jones standing next to the refrigerator in the kitchen holding a knife. However, Jones was no longer holding the knife when Holman reached him. Kelly stated that he saw Jones put the knife on top of the refrigerator, and the police did recover a knife from that location.
 {¶ 6} Brown then directed the police to a window which Brown indicated Jones had broken through to enter the house. Glass from the window had scattered on a couch positioned below the window and several glass storm panels had been removed. Fingerprints later lifted from one of the panels matched Jones' right middle finger.
 {¶ 7} On November 22, 2003 Jones was indicted on one count of burglary in violation of R.C. 2911.12(A)(1), a second degree felony, and one count of assault in violation of R.C. 2903.13(A), a first degree misdemeanor. Prior to trial, Jones filed a motion requesting a jury instruction on the lesser included offenses of criminal trespass and disorderly conduct. The trial court never ruled on that motion and did not instruct the jury as to the lesser charges. On July 14, 2004 the jury returned a guilty verdict on both counts as charged in the indictment, and the trial court sentenced defendant as noted above. The trial court also terminated previously imposed post-release control terms and imposed an additional prison term of 25 months, to be served consecutively to the seven year sentence imposed on the burglary charge.
 {¶ 8} Jones then filed a pro se appeal asserting six assignments of error. Jones' counsel thereafter filed a motion for leave to withdraw as counsel pursuant to Anders v.California (1967), 386 U.S. 738. This court denied that motion in its May 25, 2005 journal entry, and ordered counsel to file a brief on behalf of Jones.
 I {¶ 9} We will first address the issues raised in the brief filed by Jones' appellate counsel. That brief contains the following two assignments of error:
It was an error of law for the trial court to enter aconviction for the burglary offense contained in count one of theindictment.
 The trial court committed an error of law by imposing asentence in violation of the Sixth Amendment of the United StatesConstitution pursuant to U.S. v. Booker [(2005),125 S.Ct. 738] and Blakely v. Washington [(2004), 124 S.Ct. 2531].
 {¶ 10} These assignments of error focus on Jones' burglary conviction. Jones asserts that based on the jury's verdict he could only have been convicted for a fourth degree burglary conviction because the jury verdict did not specify the degree of the burglary offense. Additionally, he argues that under the United States Supreme Court decision in Blakely v. Washington
(2004), 124 S.Ct. 2531, the judge's sole authority to impose a sentence stems from the jury verdict, and therefore the trial court was only permitted to impose a sentence authorized for a fourth degree felony.
 {¶ 11} Jones first asserts that the jury verdict form does not meet the requirements of R.C. 2945.75(A)(2). That section provides:
(A) When the presence of one or more additional elements makesan offense one of more serious degree:
* * *
(2) A guilty verdict shall state either the degree of theoffense of which the offender is found guilty, or that suchadditional element or elements are present. Otherwise, a guiltyverdict constitutes a finding of guilty of the least degree ofthe offense charged.
R.C. 2945.75(A)(2). A conviction for burglary in violation of R.C. 2911.12 is ordinarily a felony of the fourth degree, unless one of the additional elements contained in subsections (A)(1) to (A)(3) are present, which elevate the offense to a higher degree. Thus, Jones argues that pursuant to R.C. 2945.75(A)(2) a jury verdict containing a general burglary conviction without specifying the degree amounts to a conviction for a fourth degree felony.
 {¶ 12} At the outset, we note that Brown never raised this issue before the trial court, and therefore we will review it only for plain error. State v. Comen (1990), 50 Ohio St.3d 206,211. Pursuant to Crim.R. 52(B), plain error requires that there be an obvious defect in the trial court proceedings that affects a substantial legal right. State v. Barnes (2002),94 Ohio St.3d 21, 27; State v. Long (1978), 53 Ohio St.2d 91, at ¶ 2 of the syllabus. Thus, "only extraordinary circumstances and the prevention of a miscarriage of justice warrant a finding of plain error." State v. Brown, Logan App. No. 8-02-09, 2002-Ohio-4755, ¶ 8 (citing Long, supra at ¶ 3 of the syllabus).
 {¶ 13} In the instant case, the jury verdict form did not specify a degree for burglary. Instead, the verdict provides: "We, the jury, being duly impaneled, sworn and affirmed find the defendant, Prentice Jones, guilty of burglary as charged in count one of the Indictment." Thus, it is clear that the jury verdict form does not meet the express requirements of the R.C.2945.75(A).
 {¶ 14} However, Ohio courts have consistently held that "substantial compliance" with R.C. 2945.75(A) is permissible.State v. Walker, Seneca App. No. 13-00-26, 2001-Ohio-2119; see also State v. Woods (1982), 8 Ohio App.3d 56, 63. Specifically, the Eighth District Court of Appeals found substantial compliance in Woods when the verdict form incorporated the language of the indictment and the jury was informed of the contents of the indictment. Id. This court has recognized and applied that standard. See Walker, supra; State v. Rakes (Dec. 30, 1997), Paulding App. No. 11-97-9.
 {¶ 15} We find that the jury verdict form substantially complied with R.C. 2945.75(A) in the instant case. First, the indictment expressly stated the elements of an R.C. 2911.12(A)(1) burglary. Second, the verdict specifically found Jones guilty of burglary "as charged in count one of the Indictment." Third, the trial court instructed the jury on the elements of second degree burglary. Thus, the jury verdict forms substantially comply with the statute, and were therefore competent to convict Jones of second degree felony burglary. Accordingly, Jones' first assignment of error is overruled.
 {¶ 16} Jones' second argument is that, because the jury verdict was sufficient to convict him of only a fourth degree felony, the trial court imposed a sentence based on facts not found by the jury in violation of the Supreme Court's ruling inBlakely. However, because we find that verdict forms were sufficient to convict Jones of a second degree felony, the trial court was permitted to sentence him to the punishment permitted for second degree felonies. Thus, the trial court could sentence Jones to a prison term from two to eight years. R.C.2929.14(A)(2). Moreover, the judge was permitted to sentence Jones to a term beyond the minimum sentence because he made the required findings under R.C. 2929.14(B).[1] Accordingly, the trial court acted within its authority in sentencing Jones to seven years imprisonment, and Jones' second assignment of error is overruled.
 II {¶ 17} We next address the additional assignments of error raised by Jones in his pro se brief. The first pro se
assignment of error is identical to the first assignment of error raised by Jones' counsel, and based on our analysis under that assignment of error it is likewise overruled.
 {¶ 18} Jones' second and third pro se assignments of error assert:
State did not prove beyond a reasonable doubt every essentialelement of burglary, to wit: intent.
 Trial court erred when it constructively amended theindictment from R.C. 2911.12(A)(1) to 2911.12(A)(2) and 2911.11in violation of Crim.R. 7(D).
In these assignment of error, Jones does not claim that there was insufficient evidence to convict him, rather he argues that the trial court's jury instructions were in error and therefore did not require the prosecution to prove all of the elements of R.C. 2911.12(A)(1) burglary as it was charged in the indictment.
 {¶ 19} First, Jones argues that the instruction on the "purpose" element of R.C. 2911.12(A)(1) was invalid. In State v.Fontes (2000), 87 Ohio St.3d 527, the Supreme Court of Ohio held that "[f]or purposes of defining the offense of aggravatedburglary pursuant to R.C. 2911.11, a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass." Id. at ¶ 1 of the syllabus (emphasis added). Jones claims that the trial court erred when it instructed the jury that "the purpose to commit any criminal offense element of burglary may be formed at any point during the course of a trespass," because he was charged with burglary in violation of R.C. 2911.12(A)(1) and not aggravated burglary in violation of R.C. 2911.11.
 {¶ 20} However, the "purpose" element in both R.C. 2911.11
and 2911.12 is identical; both statutes require the prosecution to establish that the offender trespassed "with the purpose to commit * * * any criminal offense." Thus, the holding in Fontes
applies to both burglary and aggravated burglary. Accordingly, the instruction by the trial court pertaining to the purpose element was not in error, and the second pro se assignment of error is overruled.
 {¶ 21} Next, Jones argues that the language used in the jury instructions "constructively amended" the charges in the indictment and permitted the jury to convict him under R.C.2911.12(A)(2), which was not charged in the indictment. Specifically, he complains that the jury instructions permitted the jury to find additional aggravating factors that would make his offense a second degree felony under subsection (A)(2), although he was only charged in count one of the indictment with a violation of subsection (A)(1). He argues that this changed the "identity" of the offense in violation of Crim.R. 7(D). In essence, he argues that he was denied due process of law because the improper instruction permitted the jury to convict him on a charge for which he was never indicted.
 {¶ 22} The record indicates that Jones did not object to the jury instructions and therefore we will review them only for plain error. State v. Underwood (1983), 3 Ohio St.3d 12; see also State v. Long (1978), 53 Ohio St.2d 91, 97. Therefore, we must examine the jury instructions to determine if there was an obvious defect that changed the outcome of the proceedings, resulting in a manifest miscarriage of justice. State v. Barnes
(2002), 94 Ohio St.3d 21, 27; State v. Cooperrider (1983), 4 Ohio St.3d 226,227, 488 N.E.2d 452, 453.
 {¶ 23} Crim.R. 7(D) permits a trial court to amend an indictment. However, under that rule an indictment may only be amended during trial so long as the name or identity of the offense does not change. See State v. O'Brien (1987),30 Ohio St.3d 122, 125-126. Jones alleges that the identity of the offense changed, even if the offense is still called "burglary," due to the following instruction:
Before you can find the defendant guilty of burglary, asalleged in count one, you must find beyond a reasonable doubtthat on or about the 22nd day of November, 2003, in Allen County,Ohio, the defendant, Prentice M. Jones, did by force, stealth, ordeception, trespass in an occupied structure or in a separatelysecured or separately occupied portion of an occupied structurethat was a permanent or temporary habitation of any person, whenany person other than an accomplice of the offender was presentor likely to be present, with purpose to commit in the habitationor separately occupied portion thereof, a criminal offense.
 {¶ 24} In giving this instruction, the trial court mistakenly merged the elements of R.C. 2911.12(A)(1) and (A)(2). However, we do not believe this mistake amounts to plain error on the part of the trial court. The elements distinguishing R.C. 2911.12(A)(1) burglary from (A)(2) burglary are (1) the type of structure in question, and (2) whether a person other than the offender or his accomplice is actually present or is merely "likely to be present." Therefore, the jury instruction was only incorrect in that it permitted the jury to find, instead of the necessary elements to establish a 2911.12(A)(1) burglary, that Jones trespassed in a "separately occupied portion of an occupied structure that was a permanent or temporary habitation" while another person was "likely to be present."
 {¶ 25} These differences make it unlikely that any error affected the outcome of the trial, because the evidence presented overwhelmingly demonstrated that if Jones had committed the offense of burglary, he did so while trespassing in an occupied structure while others were present. There is no question that Brown and Kelly, as well as Brown's children, were in the home at the time Jones trespassed. Therefore, the jury could not have been relying on the portion of the instruction that permitted them to find that others were "likely to be present."
 {¶ 26} Additionally, the other jury instructions clarified that the jury had to find that Jones trespassed with the purpose to commit an offense in the type of structure required under R.C.2911.12(A)(1). When reviewing the trial court's instructions a "single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." State v. Price (1979), 60 Ohio St.2d 136. The trial court further instructed the jury: "Purpose to commit any criminal offense in the structure or in the separately securedor occupied portion of the structure is an essential element of the crime of burglary." Thus, while the initial jury instruction on burglary erroneously permitted the jury to find that Jones had trespassed in a "separately occupied portion of an occupied structure that was a permanent or temporary habitation," the additional jury instructions clarified the necessary requirements to convict Jones under R.C. 2911.12(A)(1). Accordingly, the jury instructions, when read together, were not in error and did not prejudice Jones or alter the outcome of his trial.
 {¶ 27} Moreover, both R.C. 2911.12(A)(1) and (A)(2) enhance the punishment for burglary to a second degree felony, and therefore "neither the penalty nor the degree of the offense was changed as a result of the trial court's instruction." State v.Mosley (Dec. 28, 1994), 1st Dist. No. C-930296, unreported, 1994 WL 721577 at *3 (citing State v. O'Brien (1987),30 Ohio St.3d 122, 508 N.E.2d 144). Therefore, we cannot say any error in the trial court's instructions resulted in a miscarriage of justice. Id.
 {¶ 28} Accordingly, based on the foregoing Jones' third prose assignment of error is overruled.
 {¶ 29} In his fourth pro se assignment of error, Jones asserts:
Trial court erred by failing to instruct jury on lesserincluded offense and/or offense of an inferior degree, to wit:criminal trespass and disorderly conduct.
Jones argues that the trial court erred by failing to instruct the jury on disorderly conduct and criminal trespass, which he claims are lesser included offenses to assault and burglary, respectively.
 {¶ 30} A criminal offense that carries a lesser penalty may be a lesser included offense of another if the greater offense cannot, as statutorily defined, ever be committed without committing the lesser offense and there is some element of the greater offense that is not required to be proven to establish the lesser offense. State v. Barnes, 94 Ohio St.3d 21, 25-26,2002-Ohio-68. However, even if the offense can be considered a lesser included offense, the offense must only be presented to the jury "where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988),40 Ohio St.3d 213, 216. Thus, an instruction on the lesser offense must be given "[i]f under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense."State v. Wilkins (1980), 64 Ohio St.2d 382, 388. After our review of the evidence in the record, we do not believe that the trial court was required to instruct the jury on the lesser included offenses of disorderly conduct and criminal trespass.
 {¶ 31} We need not determine if disorderly conduct and criminal trespass are lesser included offenses of assault and burglary, respectively. First, the evidence does not reasonably support an acquittal on the assault charge and a conviction for disorderly conduct. As charged in the indictment, assault under R.C. 2903.13(A) required the prosecution to prove that Jones knowingly caused or attempted to cause physical harm to another. On the other hand, disorderly conduct under R.C. 2917.11(A)(1) would require the prosecution to establish that Jones recklessly caused "inconvenience, annoyance, or alarm" by "engaging in fighting, in threatening to harm persons or property, or in violent or turbulent behavior." The evidence in the record, if believed by the trier of fact, would establish that Jones forcibly removed Brown from her bedroom and that he pulled a knife on Kelly. This evidence demonstrates that Jones did more than engage in fighting behavior that caused "inconvenience, annoyance, or alarm." By pulling out a knife and wielding it at Kelly, the evidence demonstrates that Jones threatened physical harm. Thus, the jury could not have reasonably convicted Jones of disorderly conduct without also convicting him of assault.
 {¶ 32} Second, the evidence does not reasonably support an acquittal on the burglary charge while allowing for a conviction for criminal trespass. Jones requested a jury instruction on criminal trespass under R.C. 2911.21(A)(4), which prohibits a person from (1) being on the land or premises of another, or (2) negligently failing or refusing to leave those premises after being notified to do so. A conviction for burglary requires the prosecution to prove that Jones trespassed "by force, stealth, or deception" with the purpose to commit a crime. R.C.2911.12(A)(1). The record demonstrates that Jones entered Brown's home in the middle of the night after breaking through a window. Evidence of the shattered glass and of Jones' fingerprints on the removed window panel established that he forcibly entered the property. Therefore, the jury could not reasonably conclude that Jones was on the Brown's property without also determining that he had entered through force, stealth, or deception; it would not have been reasonable to convict Jones of criminal trespass without also convicting him of burglary.
 {¶ 33} Accordingly, Jones' fourth pro se assignment of error is overruled.
 {¶ 34} Jones' fifth pro se assignment of error asserts:
The jury verdict was against the manifest weight of theevidence.
When reviewing whether the trial court judgment was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror" and examines the conflicting testimony. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541. In doing so, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether "the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Adkins (Sept. 24, 1999), Hancock App. No. 5-97-31, 1999 WL 797144, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717; Thompkins, 78 Ohio St.3d at 387,678 N.E.2d 541.
 {¶ 35} In making this determination, the Ohio Supreme Court has outlined eight factors for consideration, which include "whether the evidence was uncontradicted, whether a witness was impeached, what was not proved, that the reviewing court is not required to accept the incredible as true, the certainty of the evidence, the reliability of the evidence, whether a witness' testimony is self-serving, and whether the evidence is vague, uncertain, conflicting, or fragmentary." State v. Apanovitch
(1987), 33 Ohio St. 3d 19, 23 — 24, 514 N.E.2d 394, citing Statev. Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926, syllabus. Ultimately, however, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin,20 Ohio App.3d at 175.
 {¶ 36} In the case sub judice, Jones' case-in-chief consisted entirely of two witnesses, his mother Ernestine Adams and his brother Josiah Mathews, both of whom testified that they were not at Brown's residence in the early morning hours of November 22, 2003. Mathews' testified to the fact that Jones and Brown returned together to the residence Adams, Mathews and Jones shared on the morning of November 21st, the day Brown says she ended her relationship with Jones. Adams testified that she saw Jones return home on the night of the 21st:
I was in the bed when he came in. Then [Jones] was on thephone and went to the bathroom. When he came out I asked him whohe was talking to and he said Alicia. I went back to sleep. Thenext thing I know is I was woke up. Somebody was knocking on mywindow and saying that Prentice was in jail. But, I thought hewas in bed. So, I don't know.
This testimony was apparently presented to show that Jones had gone to bed the night of November 21st, although Adams expressly indicates that she merely thought he had and had no personal knowledge about his whereabouts after she went to sleep.
 {¶ 37} Since this was the sole evidence presented on Jones' behalf, we are unable to conclude that the jury clearly lost its way in reviewing the evidence and credibility of the witnesses such that their decision constitutes a miscarriage of justice. The evidence presented by the prosecution was consistent, reliable, and unconflicting, and established all of the elements of burglary and assault. Moreover, the evidence presented by Jones did not conflict with the testimony of what occurred in the early morning hours of November 22nd. Accordingly, we find that Jones' convictions for burglary and assault were not against the manifest weight of the evidence. Jones' fifth pro se
assignment of error is overruled.
 {¶ 38} Jones' sixth pro se assignment of error asserts:
Appellant was denied effective assistance of counsel.
 {¶ 39} This Court has previously addressed the issue of ineffective assistance of counsel at trial and has determined that courts must consider "`whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done.'" State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-00-07, 2000 WL 1420271, at *2 (quoting State v. Calhoun
(1999), 86 Ohio St.3d 279, 289, 714 N.E.2d 905). In addition, Ohio licensed attorneys are presumed competent in their representation of a defendant's interests. State v. Hoffman
(1988), 129 Ohio App.3d 403, 407, 717 N.E.2d 1149.
 {¶ 40} The Supreme Court of Ohio has adopted the two-part test for determining whether a criminal defendant has been denied the effective assistance of counsel that was outlined inStrickland v. Washington (1984), 466 U.S. 668. See State v.Bradley (1989), 42 Ohio St.3d 136, ¶ 2 of the syllabus,538 N.E.2d 373. Under that test, a convicted defendant must first show that his attorney's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S at 688. If counsel's performance was unreasonable, the defendant must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Under the first prong of the test, courts must afford a high level of deference to the performance of trial counsel. Bradley, 42 Ohio St.3d at 142. Regarding the second prong, "reasonable probability" requires a probability sufficient to undermine the confidence in the outcome of the trial. Id.
 {¶ 41} Jones contends that his counsel's failure to object to certain items of testimony constitutes ineffective assistance of counsel. In examining this argument, we must initially note that appellate courts "accord deference to defense counsel's strategic choices made during trial and cannot examine the strategic choices of counsel through hindsight." State v. Perdue (1990), Eighth Dist. App. No. 56535, unreported, 1990 WL 9929, *3 (citingStrickland, 466 U.S. at 689).
 {¶ 42} First, Jones points to counsel's failure to object to police officer testimony "speculating" that Jones put the knife on the refrigerator. However, this testimony was corroborated by Kelly, who testified that he witnessed Jones put the knife on top of the refrigerator when the police announced their presence. Therefore, the failure to object to this testimony, even if it can be considered unreasonable conduct on the part counsel, does not amount to ineffective assistance because there is not a reasonable probability that the outcome of trial would have been different.
 {¶ 43} Second, Jones argues that counsel's failure to object to Detective Marik's testimony that "glass was laying on the couch pushed away from the window" amounts to ineffective assistance because Detective Marik admittedly did not examine the scene until several weeks later. However, Detective Marik indicated that he relied on the accounts of Brown, Kelly, and the officers at the scene when making his determination of the point of entry — he returned to the scene later to examine the window, but photographs of the window admitted at trial were taken by the police who arrived at the house on November 22nd. Moreover, although defense counsel did not specifically object to this statement, he did cross-examine Detective Marik on the fact that he did not physically examine the window until February. Therefore, there is no reasonable probability that the outcome of trial would have been different had counsel objected to this statement.
 {¶ 44} Finally, Jones argues that counsel was ineffective because he did not object when Brown stated in her testimony that she threatened to call his parole officer — he contends that it was error to permit introduction of evidence or testimony going to his prior criminal history. While he is most likely correct that this statement is inadmissible, there is not a reasonable probability that the outcome of the trial would have been different but for counsel's failure to object. This one statement alluding to Jones' past criminal record was part of Brown's long narrative about their phone call on the night in question; she was testifying that she told him not to come over and that if he did she would call the police. Even had there been an objection to this statement, there was still overwhelming evidence pertaining to the elements of the offenses charged.
 {¶ 45} Furthermore, we think the decision not to object to this statement falls into the category of strategic decisions made by counsel in the course of trial. Had counsel objected to the statement, there is a good possibility that he would only have succeeded in further bringing the issue to the jury's attention. Moreover, in light of the fact that this testimony was in regard to collateral matters and did not pertain to the elements of the offenses charged, counsel's failure to object was not so egregious as to fall below an objective standard of reasonableness. See State v. Brown, Logan App. No. 8-02-09, 2002-Ohio-4755, ¶ 51.
 {¶ 46} Accordingly, the final assignment of error raised in Jones' pro se brief is overruled. Based on the foregoing, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 Cupp, P.J., and Bryant, J., concur.
[1] We have previously found that the felony sentencing scheme delineated in R.C. 2929.14 does not violate the Blakely ruling. See State v. Trubee, Marion App. No. 9-03-65, 2005-Ohio-552.