OPINION
{¶ 1} Defendant-appellant, Gary Lee Moore, appeals his convictions and sentence in the Butler County Court of Common Pleas for burglary and petty theft. We affirm the convictions but reverse the sentence and remand for re-sentencing for the reasons outlined below.
 {¶ 2} Appellant was indicted in November 2004 on one count of burglary and one count of petty theft. Appellant was charged with breaking into the apartment of Mr. and Mrs. Kenny McNabb and stealing several items including a DVD player. At the time of the incident, appellant and the McNabbs were neighbors living in different apartments in a duplex on Hamilton-Trenton Road in Butler County, Ohio. At trial, appellant testified that (1) he went to McNabb's apartment to try to collect a $25 debt McNabb owed him; (2) although the McNabbs were not there, their front door was unlocked; (3) appellant went into their apartment believing McNabb was there hiding from him; (4) appellant had initially no intention of taking any property from McNabb; but (5) once in the apartment, appellant had the "brilliant idea" of taking a DVD player (which he pawned for $25) as a repayment for the $25 debt.
 {¶ 3} At the close of the state's case, appellant moved for dismissal under Crim.R. 29(A) on the ground that the state had failed to prove the elements of burglary, specifically, that he entered the apartment by stealth or force and that the McNabbs were likely to be present. The motion was denied. On May 13, 2005, a jury found appellant guilty of burglary in violation of R.C. 2911.12(A)(2) and petty theft in violation of R.C.2913.02(A)(1). The trial court sentenced appellant to a three-year prison term on the burglary count and to a concurrent six-month jail term on the petty theft count. On appeal, appellant raises two assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by denying his Crim.R. 29(A) motion with regard to the burglary count. Appellant argues there was insufficient evidence to prove that he (1) entered McNabb's apartment by stealth or force, (2) with the intent to commit a criminal offense, and (3) when Mr. or Mrs. McNabb were likely to be present. Appellant does not challenge his petty theft conviction.
 {¶ 5} Under Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Lattire, Butler App. No. CA2004-01-005,2004-Ohio-5648, ¶ 21, citing State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 6} Under R.C. 2911.12(A)(2), "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
 {¶ 7} Appellant first contends he cannot be convicted of burglary because there was no evidence of a forced entry and he entered the apartment "on a busy street, in the middle of a sunny day, through an unlocked front door, and only after announcing his presence." We disagree. It is well-established that opening a closed door, even one that is unlocked, is sufficient to establish force under R.C. 2911.12(A). State v. Knuckles,
Cuyahoga App. No. 86053, 2005-Ohio-6345, ¶ 24; State v. Gregg
(Oct. 26, 1992), Champaign App. No. 91-CA-15. The evidence presented at trial indicates that the front door of McNabb's apartment was unlocked. However, McNabb testified that he was sure he shut the door when he left his apartment that day to visit his grandmother at the hospital. Appellant did not present any evidence that the front door was unlocked and open. The evidence presented at trial is therefore sufficient to support the "force" element of appellant's burglary conviction.
 {¶ 8} Appellant next contends that since (1) he lacked any intent to commit a theft when he first went in the apartment, (2) went in the apartment only to talk to McNabb about the $25 debt, and (3) took the DVD player only to satisfy the $25 debt, the evidence was insufficient to convict him of burglary. We disagree. For purposes of defining the offense of burglary under R.C. 2911.12(A), a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass.State v. Jones, Allen App. No. 1-04-53, 2005-Ohio-6859, ¶ 19-20, citing State v. Fontes, 87 Ohio St.3d 527,2000-Ohio-472; see, also, State v. Muszynec, Cuyahoga App. No. 81666, 2003-Ohio-3803 (defendant became a burglar after he decided to aid his concealment from the police by unscrewing the light bulb of the breezeway he entered to elude the police).
 {¶ 9} While appellant may have initially entered the apartment without any intent to commit a criminal offense, it is undisputed that once in the apartment, he decided to take the DVD player, allegedly as a repayment of a debt, and that he never had the permission to either take or borrow the DVD player. This evidence is sufficient to support the "purpose to commit in the habitation any criminal offense" element of appellant's burglary conviction. See State v. Miles, Butler App. No. CA2001-04-079, 2002-Ohio-1334 (evidence was sufficient to support burglary conviction where the defendant broke into the victim's hotel room and took items found in the room that belonged to the victim)
 {¶ 10} Finally, appellant contends that since the McNabbs were not home at the time of the offense, and were home only sporadically during that time period due to the grandmother's hospitalization, the evidence was insufficient to convict him of burglary. We disagree. Where the state proves "that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of * * * burglary." State v. Hibbard,
Butler App. Nos. CA2001-12-276 and CA2001-12-286, 2003-Ohio-707, ¶ 12. "The state must show that the victim was at home at varying times to prove that the victim was likely to be home." Id.
 {¶ 11} It is undisputed that the McNabbs lived in their apartment but that they were temporarily absent the day of the offense because they were visiting McNabb's grandmother at the hospital. McNabb testified that they returned home at about 8 p.m. on the day of the offense, and that because of his grandmother's illness, they were generally in and out of their apartment, including in the middle of the night at times. This evidence is sufficient to support the "likely to be present" element of appellant's burglary conviction. See id. at ¶ 19, 23 (evidence that the victim was not home at the time of the offense but returned home in the evening that day, or that the victim was away from home for some time during the day was evidence that the victim was in and out of the home and was sufficient to support the "likely to be present" element of a burglary offense). We also note that according to appellant's testimony, he originally believed McNabb was home on the day of the offense but hiding from him, and that either McNabb or his wife was generally home during the day.
 {¶ 12} Finding that appellant's burglary conviction is supported by sufficient evidence, we overrule appellant's first assignment of error.
 {¶ 13} In his second assignment of error, appellant argues that his prison sentence for burglary is contrary to law and not supported by the evidence. Specifically, appellant challenges the trial court's findings under R.C. 2929.12(B) that McNabb suffered serious economic harm and that appellant's relationship with McNabb facilitated the offense. Appellant also contends that the trial court ignored several factors under R.C. 2929.12(C), to wit: McNabb induced the offense by failing to pay appellant the $25 debt; for that same reason appellant acted under strong provocation; and appellant did not cause physical harm. Appellant does not challenge his petty theft sentence.
 {¶ 14} We note that the trial court sentenced appellant to a nonminimum prison term on the burglary count, finding "pursuant to [R.C.] 2929.14(B) that [t]he shortest prison term will demean the seriousness of the defendant's conduct [and] * * * will not adequately protect the public from future crime by the defendant or others." In its recent decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court held that R.C.2929.14(B) is unconstitutional because it violates the Sixth Amendment right to a jury trial and the principles contained inApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, by requiring a sentencing court to make certain judicial findings before imposing a more than the minimum prison sentence on an offender. Foster at ¶ 83.
 {¶ 15} Although appellant challenges his prison sentence for burglary, he does not do so under Blakely and/or Foster.
Nonetheless, because appellant challenged his prison sentence and because, pursuant to Foster, the prison sentence imposed by the trial court was based on an unconstitutional portion of R.C.2929.14(B), we reverse appellant's prison sentence for burglary and remand this case for a new sentencing hearing consistent withFoster. In resentencing appellant on remand, the trial court shall consider those portions of the sentencing code unaffected by Foster, and impose any sentence within the appropriate felony range. Foster at ¶ 105. The portions of the sentencing code to be considered include the purposes of felony sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12. State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. At the sentencing hearing on remand, appellant will have the opportunity to argue which factors in R.C. 2929.12 should apply to his case. Accordingly, based onFoster, appellant's second assignment of error is sustained to the extent indicated.
 {¶ 16} We therefore affirm appellant's convictions for burglary and petty theft. Likewise, we affirm appellant's jail sentence for petty theft. However, appellant's prison sentence for burglary is reversed, and this matter is remanded to the trial court for resentencing according to law and consistent with this opinion.
Powell, P.J., and Walsh, J., concur.