[Cite as *State v. Seymore*, 2022-Ohio-2180.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-09-113 |
| Appellee, | : | O P I N I O N<br>6/27/2022 |
| | : | |
| - vs - | : | |
| | : | |
| SHAWN LEE SEYMORE aka<br>SHAUN SEYMORE, | : | |
| | : | |
| Appellant. | | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-02-220

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for appellant.

**M. POWELL, P.J.**

{¶1} Appellant, Shawn Lee Seymore, aka Shaun Seymore, appeals his sentence in the Butler County Court of Common Pleas for burglary and aggravated assault.

{¶2} Appellant was indicted in February 2020 on two counts of aggravated burglary, one count of aggravated assault, one count of aggravated menacing, and one

count of criminal damaging. A firearm specification accompanied each of the aggravated burglary and aggravated assault counts. The charges stemmed from allegations that as appellant was gathering his personal belongings in the victim's home, the two engaged in an argument during which appellant assaulted the victim with a firearm and inflicted physical harm. Pursuant to plea negotiations, appellant pled guilty to an amended count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree (Count One), and one count of aggravated assault in violation of R.C. 2903.12(A)(2), a felony of the fourth degree (Count Three).

{¶3} At sentencing, the trial court indicated it considered the R.C. 2929.11 principles and purposes of sentencing, the R.C. 2929.12 seriousness and recidivism factors, and the presentence-investigative report ("PSI"). The trial court found that appellant was not amenable to community control and sentenced him to 36 months in prison for the burglary offense and 18 months in prison for the aggravated assault offense. The trial court ordered that the prison terms be served consecutively, finding that

> consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Consecutive sentences are necessary to protect the public from future crime. The defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶4} Appellant appeals his prison sentence, raising two assignments of error.

{¶5} Assignment of Error No. 1:

{¶6} SEYMORE'S PRC SANCTION WAS UNLAWFUL.

{¶7} In his reply brief as well as during oral arguments, appellant withdrew his first assignment of error. Accordingly, we need not address it. *See State v. Smith*, 10th Dist. Franklin No. 03AP-1157, 2004-Ohio-4786.

{¶8} Assignment of Error No. 2:

{¶9} SEYMORE'S CONSECUTIVE SENTENCES FOR BURGLARY AND AGGRAVATED ASSAULT WERE UNLAWFUL.

{¶10} Appellant argues the trial court erred in imposing consecutive prison sentences, presenting two issues for review.

{¶11} In his first issue for review, appellant asserts that the burglary and aggravated assault offenses are allied offenses of similar import that should have been merged, and his trial counsel was ineffective for failing to raise merger. Appellant concedes he did not request or argue merger at sentencing, or otherwise object to the trial court's decision to impose sentence on each count of burglary and aggravated assault. Accordingly, appellant must demonstrate plain error.

{¶12} "An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶13} Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited. *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 14. In determining whether offenses are allied, courts are instructed to consider three separate factors—the conduct, the animus, and the import. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for

multiple offenses if any of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus or motivation. *Id.* at paragraph three of the syllabus, ¶ 25.

{¶14} With respect to the first factor, "[t]wo or more offenses of dissimilar import exist * * * when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus. Animus is defined for purposes of R.C. 2941.25(B) as "purpose or more properly, immediate motive." *State v. Lane*, 12th Dist. Butler No. CA2013-05-074, 2014-Ohio-562, ¶ 12. "If the defendant acted with the same purpose, intent, or motive in both instances, the animus is identical for both offenses." *Id.*

{¶15} "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct" and "an offense may be committed in a variety of ways." *Id.* at ¶ 26, 30. The defendant bears the burden of establishing his entitlement to the protection, provided by R.C. 2941.25, against multiple punishments for a single criminal act. *Morris*, 2020-Ohio-4103 at ¶ 14.

{¶16} Appellant argues that his burglary and aggravated assault convictions should have merged at sentencing because he lawfully entered the victim's home and did not become a trespasser until he began assaulting the victim. Appellant asserts that "the act that caused the trespass was the same act that completed the assault; the force used to trespass was the same force used to assault; and the motive for trespass and assault were the same: to retaliate for the victim's serious provocation." Or stated differently, the trespass element of the burglary was based entirely upon his perpetrating the aggravated assault.

{¶17} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(3), which provides, "No person, by force, stealth, or deception, shall trespass in an occupied structure

or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."  R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."  For purposes of defining the offense of burglary under R.C. 2911.12(A), a defendant may form the purpose to commit a criminal offense at any point during the course of a trespass.  *State v. Moore,* 12th Dist. Butler No. CA2005-06-148, 2006-Ohio-2800, ¶ 8.  A trespass occurs when an offender knowingly enters or remains on the premises of another without the privilege to do so.  R.C. 2911.21(A)(1); *State v. Kirby*, 12th Dist. Butler No. CA2019-05-078, 2020-Ohio-4005, ¶ 30.[1]  A privilege may be revoked and a privilege to enter or remain upon the premises terminates immediately upon the commencement of an act of violence against the person granting the privilege.  *State v. Davis*, 9th Dist. Summit No. 26994, 2014-Ohio-687, ¶ 10.

{¶18}  Appellant was also convicted of aggravated assault in violation of R.C. 2911.12(A)(2), which provides, "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance, as defined in [R.C.] 2923.11."

{¶19}  Because appellant pled guilty, the record contains limited facts to be used when conducting the merger analysis.  The amended bill of particulars and the statement of facts at the plea hearing both simply provide that appellant trespassed into the victim's home and inflicted physical harm (Count One) and that he assaulted the victim with a

---

1. "Privilege" means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity. R.C. 2901.01(A)(12).

firearm (Count Three).[2] However, facts contained in a PSI can be considered in a merger analysis. *State v. Tannreuther*, 12th Dist. Butler No. CA2013-04-062, 2014-Ohio-74, ¶ 17; *State v. Womack*, 10th Dist. Franklin No. 18AP-353, 2019-Ohio-1964, ¶ 14. The PSI contains sufficient facts for us to conduct the merger analysis.

{¶20} The parties do not dispute that appellant lawfully entered the victim's home. Appellant's version of the incident is that he and the victim started arguing in a bedroom about whether the victim had cheated on him the night before. Appellant asked for the victim's cellphone, went through it and found photographs of the man she was with, and he and the victim continued to argue. Appellant advised the presentence investigator that he hit the victim "a few times."

{¶21} The victim's version of the incident confirms that she and appellant were arguing about her alleged infidelity. The victim told the police that appellant pushed her onto a bed, shoved a firearm in her mouth, and threatened to kill her. Appellant asked for her cellphone and, upon going through it, hit her in the head with a fist and an open hand before pushing her up against the bed. The victim estimated he hit her in the head three different times. Subsequently, appellant broke her television and seized her diamond earrings, safe, and cellphone. The victim further told the police that "when the officers arrived on the scene, appellant took her upstairs and stated that he was going to drown her in the bathtub. She also stated that he told her she deserved to die. The victim also stated that he kicked her in her back multiple times."

{¶22} After reviewing the record, and considering the conduct, animus, and import

---

2. We note that Count One in the amended bill of particulars charged appellant with aggravated burglary in violation of R.C. 2911.11(A)(1) and not with simple burglary. At the plea hearing, following appellant's guilty plea to an amended count of burglary and to one count of aggravated assault, the prosecutor mistakenly recited the elements of aggravated burglary under R.C. 2911.11(A)(1), rather than the elements of the amended burglary offense to which appellant had pled guilty.

of the offenses, we find that appellant's burglary and aggravated assault convictions are allied offenses of similar import.

**{¶23}** As stated above, the parties were arguing about the victim's alleged infidelity. Although appellant was initially permitted to be inside the victim's home, his privilege to remain there was revoked and he became a trespasser the moment he shoved a firearm in the victim's mouth and threatened her. *See State v. Powell*, 10th Dist. Franklin No. 17AP-808, 2018-Ohio-3944; *State v. Williams*, 8th Dist. Cuyahoga No. 98210, 2013-Ohio-573. Thus, appellant committed burglary when he knowingly remained in the victim's home without privilege to do so and by force by shoving the firearm into the victim's mouth and threatening her. Appellant further committed aggravated assault when he knowingly caused or attempted to cause physical harm to the victim by means of a deadly weapon by shoving the firearm into the victim's mouth and threatening her. Thus, both offenses were based upon appellant's conduct inside the victim's home when he shoved a firearm into her mouth and threatened her.

**{¶24}** Appellant's burglary and aggravated assault offenses involved neither separate/multiple victims nor separate and identifiable harm. Rather, appellant's use of force resulted in trespassing into the victim's home and physical harm to the victim. The offenses were thus of similar import. Both offenses were committed at the same time and with the same conduct in that the conduct—appellant's use of force—that allowed him to remain in the victim's home without privilege to do so caused physical harm to the victim. Finally, the surrounding circumstances indicate appellant committed both offenses while acting with the same purpose, intent, or motive. *See State v. Fisher*, 4th Dist. Washington No. 13CA25, 2014-Ohio-4257.

**{¶25}** Accordingly, under the specific facts of this case, we find that the burglary and aggravated assault offenses are allied offenses of similar import and must be merged for

- 7 -

sentencing. The trial court, therefore, committed plain error by failing to merge the offenses and by imposing separate sentences for each of these offenses.

{¶26} In his first issue for review, appellant also argues that his trial counsel was ineffective for failing to raise merger. Given our determination that the trial court committed plain error by not merging his burglary and aggravated assault convictions, this argument is moot. *State v. Seymore*, 12th Dist. Butler Nos. CA2011-07-131 and CA2011-07-143, 2012-Ohio-3125, ¶ 30.

{¶27} In his second issue for review, appellant argues that the record does not support the trial court's statutory findings under R.C. 2929.14(C) that a consecutive sentence is necessary to protect the public from future crime and is not disproportionate to the danger appellant poses to the public. However, based upon our finding that appellant's burglary and aggravated assault convictions are allied offenses of similar import that must be merged for sentencing, this issue is moot and we need not address it. *State v. Bontrager*, 4th Dist. Adams No. 21CA1139, 2022-Ohio-1367, ¶ 33.

{¶28} Appellant's assignment of error is sustained.

{¶29} Judgment reversed and remanded to the trial court solely for resentencing. Upon remand, the state shall elect which allied offense to pursue, and the trial court must accept the state's choice and merge the crimes into a single conviction for sentencing. *State v. Powih*, 12th Dist. Brown No. CA2016-11-023, 2017-Ohio-7208, ¶ 43; *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 20, 24.


S. POWELL and PIPER, JJ., concur.