[Cite as *State v. Deskins*, 2011-Ohio-2605.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 10CA009875 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAMS G. DESKINS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 02CR061577 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2011

---

MOORE, Judge.

{¶1} Appellant, William Deskins, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On October 15, 2002, William Deskins was indicted by the Lorain County Grand Jury on one count of rape, with a sexually violent predator specification, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and four counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The indictment alleged that between January 1, 1993, and December 31, 1997, Deskins engaged in sexual conduct with his daughter, Danielle Deskins, who was between the ages of seven and eleven.

{¶3} On July 16, 2003, Deskins entered a plea of guilty to the charges in the indictment, and the State, in consideration of the plea, dismissed the sexually violent predator specification. On September 3, 2003, the trial court sentenced Deskins to five years in prison for

each of the five counts and ordered the sentences to run consecutively, for an aggregate sentence of twenty-five years.

{¶4} On October 12, 2009, Deskins filed a motion for resentencing. On November 25, 2009, he filed a motion to withdraw his guilty plea. On March 29, 2010, the trial court held a hearing on the motion to withdraw the guilty plea and denied the motion to withdraw as well as the motion to dismiss on April 5, 2010. The trial court granted his motion for resentencing. On April 16, 2010, the court reimposed the original sentence and properly imposed a mandatory five-year period of postrelease control.

{¶5} Deskins timely filed a notice of appeal. He raises five assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED WHEN IT DENIED [DESKINS'] MOTION TO WITHDRAW HIS FORMERLY ENTERED GUILTY PLEA."

{¶6} In his first assignment of error, Deskins contends that the trial court erred when it denied his motion to withdraw his guilty plea. We do not agree.

{¶7} Crim.R. 32.1 provides:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶8} The decision to grant or deny a motion to withdraw a guilty plea "is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." (Citations omitted.) *State v. Xie* (1992), 62 Ohio St.3d 521, 526. Under this standard, we must determine whether the trial court's decision was

arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.

{¶9} The Ohio Supreme Court has held that an error in postrelease control notification does not result in a void sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (emphasis sic.) Id. at ¶26 (footnote omitted). Because the remainder of his sentence remained intact, Deskins' motion to withdraw his guilty plea is treated as a post-sentence motion and he must establish the existence of a manifest injustice. See, e.g., *State v. Christie*, 3d Dist. No. 4-10-04, 2011-Ohio-520, at ¶24; *State v. Thomas*, 1st Dist. Nos. C-100411 & C-100412, 2011-Ohio-1331, at ¶17; and *State v. Gonzalez*, 6th Dist. Nos. L-10-1168 & L-10-1169, 2011-Ohio-1542, at ¶34.

{¶10} When the trial court considered Deskins' motion to withdraw, *Fischer* had not been decided, and the controlling authority required the court to consider the sentence as void. Accordingly, the trial court applied the more lenient pre-sentence motion standard which provides that the motion "should be freely and liberally granted." *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, at ¶1, quoting *Xie*, 62 Ohio St.3d at 527. During the trial court hearing, Deskins argued that the basis for the withdrawal of his guilty plea was the receipt of a letter from his daughter, the victim of the rape conviction. In the letter, she shared general information about herself and Deskins' family. Deskins' brief states that the letter expressed "her loving feelings toward [him] and encourage[ed] him to seek early release."

{¶11} The trial court does not abuse its discretion when the four factors enumerated in *State v. Gardner*, 9th Dist. No. 08CA009520, 2009-Ohio-6505, at ¶5, are present. Those factors include that (1) the defendant received representation by competent counsel; (2) prior to entering the guilty plea, the trial court provided a full hearing pursuant to Crim.R. 11; (3) the trial court provided a full hearing on the motion to withdraw the guilty plea; and (4) the trial court considered the defendant's arguments in support of his motion to withdraw the guilty plea. Id. at ¶¶5-6.

{¶12} Deskins does not challenge the first three factors enumerated in *Gardner*. Instead, he argues that the trial court erred because "there were no discussions on the record as to whether the trial court took into account the contents of the [victim's] letter in deciding whether there was a legitimate basis for the withdrawal of [his] guilty plea." While the trial court found that he made a "knowing, intelligent and voluntary waiver of his constitutional rights[,]" Deskins argues that nothing in the record suggests that the trial court considered the victim's letter in its ruling on the motion to withdraw the guilty plea.

{¶13} The record indicates that on March 22, 2010, the trial court held a hearing on Deskins' motion to withdraw the guilty plea. There, Deskins argued that the basis for the withdrawal of his guilty plea was a letter written by his daughter, the rape victim. He averred that the letter could be used in a new trial because "it doesn't seem as if it's a letter from somebody who was raped or sexually molested[.]" The trial court overruled the State's objection to the trial judge reviewing the letter, and obtained a copy of the letter for review. On April 5, 2010, the trial court denied Deskins' motion to withdraw his guilty plea, concluding that he made a "knowing, intelligent and voluntary waiver of his constitutional rights[.]" In light of the court's ruling specifically overruling the State's objection to review of the letter from the

daughter, we cannot infer that the trial court failed to consider it, notwithstanding the fact that the letter was not specifically mentioned in the entry.

{¶14} Courts have held that "[w]hen considering whether newly-discovered evidence warrants permitting withdrawal of a guilty plea, a trial court should consider" the following factors: (1) whether the defendant may have a complete defense to the charges, (2) the length of time between the entry of the guilty plea and the time that the motion to withdraw the guilty plea was filed, and (3) the defendant's diligence in discovering the evidence. *State v. Gobard*, 12th Dist. No. CA2006-03-025, 2007-Ohio-461, at ¶11, citing *State v. Van Dyke*, 9th Dist. No. 02CA008204, 2003-Ohio-4788.

{¶15} Here, nothing in the record indicates that Deskins has set forth any specific reasons for how this letter provides a complete defense to Deskins. In addition, the time between when Deskins' entered the guilty plea and filed the motion to withdraw the guilty plea was more than six years. Courts have found that a period of only months between the guilty plea and the motion to withdraw is an unreasonable delay. See *Van Dyke*, at ¶19, citing *United States v. Spencer*, (C.A.6, 1987), 836 F.2d 236. Finally, Deskins did not make an effort to demonstrate that he could not, with reasonable diligence, have produced any evidence supporting his innocence before his plea was entered. See *Van Dyke* at ¶19.

{¶16} Deskins has failed to establish either the existence of a manifest injustice or an abuse of discretion by the trial court. Crim.R. 32.1; *Xie*, 62 Ohio St.3d at 526. Thus, we cannot conclude that the trial court's denial of the motion to withdraw the guilty plea was arbitrary, unreasonable, or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. Deskins' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"SINCE [] DESKINS['] SENTENCE ON AT LEAST ONE OF THE FIVE COUNTS OF RAPE HAD EXPIRED, THE TRIAL COURT DID NOT HAVE JURISDICTION TO CORRECT THE ERRONEOUS SENTENCE AND IMPOSE POST RELEASE CONTROL AND THUS SHOULD HAVE GRANTED HIS MOTION TO DISMISS."

{¶17} In his second assignment of error, Deskins contends that the trial court did not have jurisdiction to resentence him to properly impose postrelease control, and thus should have granted his motion to dismiss. We do not agree.

{¶18} This Court has previously held that the trial court has authority to resentence a defendant to properly impose postrelease control if the defendant "had not been released from prison or completed his prison term at the time of the resentencing hearing." *State v. Bodiford*, 9th Dist. No. 10CA009770, 2010-Ohio-5923, at ¶8. This is consistent with the Ohio Supreme Court case, *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, which held that in cases where postrelease control is required but not included in the sentence, " * * *the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at syllabus; see also *State v. Bloomer,* 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70 (noting that a defendant can not be subjected to another sentencing hearing after he "has completed the prison term imposed in his original sentence"); *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶18 (concluding that defendant could not be resentenced because he had "already served the prison term ordered by the trial court[.]").

{¶19} Deskins argues that because he was sentenced to multiple consecutive terms he has necessarily completed at least one of them and for that sentence, he cannot have post release control imposed. However, the Fifth District, in *State v. Tharp*, 5th Dist. No. 07-CA-9, 2008-Ohio-3995, held that a journalized sentence that includes consecutive sentences does not expire

until the aggregate time of the consecutive sentences expires. Id. at ¶14. There, the defendant similarly argued that the trial court did not have jurisdiction to resentence him because his journalized sentence for which postrelease control was applicable had expired. The Fifth District concluded that the journalized sentence had not expired when the trial court resentenced the defendant because the original sentence was for an aggregate term of eight years.

{¶20} Here, Deskins may have served some portion of the sentence imposed, but he has not completed his prison term of twenty years or been released from prison. Thus, the trial court had jurisdiction to resentence him. Accordingly, Deskins' fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"[] DESKINS WAS DENIED HIS EQUAL PROTECTION AND DUE PROCESS RIGHTS WHEN THE TRIAL COURT FAILED TO STATE IN A MULTI-COUNT CONVICTION, SEPARATE PROVISIONS FOR POST RELEASE CONTROL FOR EACH CONVICTION AND IS THUS VOID."

{¶21} In his third assignment of error, Deskins argues that the trial court erred when it failed to state a separate provision for postrelease control for each conviction and that the conviction is thus void. We do not agree.

{¶22} R.C. 2967.28 requires, when applicable, that a sentencing court include a term of postrelease control in the sentence. It does not permit a trial court to order a term of postrelease control for each separate felony conviction; only "[o]ne term of post-release control for multiple convictions is proper." *State v. Maag*, 3d Dist. No. 5-08-35, 2009-Ohio-90, at ¶18. See also, *State v. Masterson*, 11th Dist. No. 2009-P-0064, 2010-Ohio-4939, at ¶27, fn. 1; *State v. Simpson*, 8th Dist. No. 88301, 2007-Ohio-4301, at ¶109. Furthermore, "[w]hen identical post-release control requirements apply to multiple prison terms, the same notification may apply to each of the offenses[.]" *State v. Sulek*, 2d Dist. No. 09CA75, 2010-Ohio-3919, at ¶23. Thus, the trial

court did not err when it failed to state a separate provision for postrelease control for each conviction. Deskins' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

"CONVICTION ON COUNTS ONE, TWO, THREE, FOUR AND FIVE WERE *(SIC)* NOT SUPPORTED BY SUFFICIENT EVIDENCE."

## ASSIGNMENT OF ERROR V

"THE JURY VERDICT FINDING [] DESKINS GUILTY OF FIVE COUNTS OF RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**{¶23}** Deskins argues that his conviction was not supported by sufficient evidence and that the verdict was against the manifest weight of the evidence. Because Deskins entered a guilty plea, we need not address the merits of these contentions.

> "[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of a conviction, if factual guilt is validly established." *Menna v. New York* (1975), 423 U.S. 61, 63, fn. 2.

**{¶24}** While not all constitutional violations are waived by entering a guilty plea, "those relating to factual guilt are." *State v. McGee* (Jul. 2, 1997), 9th Dist. No. 96CA006507, at *2, citing *United States v. O'Donnell* (C.A.9, 1976), 539 F.2d 1233, 1236. Here, Deskins is attempting to challenge the factual sufficiency of the evidence as well as the manifest weight of the evidence. He is not permitted to raise such a claim where a guilty plea has resulted in a conviction. See *State v. Phillips*, 9th Dist. No. 24198, 2008-Ohio-6795, at ¶10. Further, per *Fischer*, these matters are not properly before us. The scope of an appeal from a resentencing hearing to properly impose postrelease control is limited to issues arising at the resentencing hearing. Id. at ¶40. Finally, Deskins did not appeal the court's original sentence, and his

arguments are barred by res judicata. Thus, we decline to address Deskins' fourth and fifth assignments of error.

### III.

**{¶25}** We decline to address Deskins' fourth and fifth assignments of error. His remaining assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>

<u>APPEARANCES:</u>

DENISE G. WILMS, Attorney at Law, for Appellant.

DENNIS WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellee.