[Cite as *State v. Smith*, 2011-Ohio-3109.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

v.

SCOTT B. SMITH

    Appellant

C.A. Nos.    10CA0072-M
                10CA0073-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    08CR0552

DECISION AND JOURNAL ENTRY

Dated: June 27, 2011

MOORE, Judge.

{¶1}    Appellant, Scott B. Smith, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms and remands.

I.

{¶2}    On December 18, 2008, Scott B. Smith was indicted by the Medina County Grand Jury for one count of driving under the influence in violation of R.C. 4511.19(A)(1)(a)(e), a felony of the third degree, with a specification that he had five prior convictions of an equivalent offense in the last twenty years. A supplemental indictment was filed on January 23, 2009, for one count of driving under the influence in violation of R.C. 4511.19(A)(1)(g), a felony of the third degree, with a specification that he had five prior convictions of an equivalent offense in the last twenty years. On March 30, 2009, Smith pled guilty to both counts and the specifications were dismissed. On June 16, 2009, he was sentenced to four years in prison.

{¶3} Smith filed a motion for resentencing in both cases on June 1, 2010, which was denied on June 2, 2010. He filed a motion to withdraw his plea in both cases on June 4, 2010, which was denied on June 8, 2010.

{¶4} Smith timely filed separate notices of appeal from the denial of each motion. Because he raises the same two assignments of error in each appeal, we have consolidated them to facilitate our review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT VIOLATED MR. SMITH'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN IT REFUSED TO CORRECT HIS VOID SENTENCE."

{¶5} In his first assignment of error, Smith contends that the trial court violated his due process rights when it refused to correct his void sentence. We disagree.

{¶6} The Ohio Supreme Court had held that "a sentence that does not conform to statutory mandates requiring the imposition of postrelease control is a nullity and void [and] must be vacated." *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, at ¶22. Recently, however, the Ohio Supreme Court has reconsidered its precedent in this area and held that only the part of the sentence improperly imposing postrelease control must be vacated as void, leaving the rest of the sentence intact. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶26-28. In many cases, a postrelease control error may be easily remedied. *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at paragraph two of the syllabus. The *Singleton* Court held that, "[f]or criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts [can correct the sentence by] apply[ing] the procedures set forth in R.C. 2929.191." Id.

**{¶7}** Smith correctly points out that the trial court's 2009 judgment entry is deficient because it does not inform him that the parole board may impose a prison term up to one-half of his original prison term if he violates postrelease control. See *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, at ¶11. He contends that, due to this failure, his sentence is void under *State v. Bezak* (2007), 114 Ohio St.3d 94, 2007-Ohio-3250.

**{¶8}** While his sentence is not void, because the trial court's sentencing entry fails to properly notify Smith that the parole board may impose a prison term up to one-half of his original prison term if he violates postrelease control, the trial court is required to apply the remedial measures set forth in R.C. 2929.191 to correct the void portion, that is, the postrelease control portion of his sentence, leaving the remainder of Smith's sentence intact. Smith's assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"IN LIGHT OF [SMITH'S] VOID SENTENCE HE IS ENTITLED TO PRE-RESENTENCING TO [SIC] A HEARING TO DETERMINE IF HE MAY WITHDRAW HIS GUILTY PLEA."

**{¶9}** In his second assignment of error, Smith appears to argue that because his sentence is void, presumably due to the error in the notification of postrelease control in the sentencing entry, his motion to withdraw his guilty plea is entitled to review under the pre-sentencing standard. We do not agree.

**{¶10}** In light of our disposition of the first assignment of error, only to the extent that Smith was not notified in the sentencing entry that the parole board may impose a prison term up to one-half of his original prison term if he violates postrelease control, is his sentence is void. Smith argues that, under *State v. Boswell* (2009), 121 Ohio St.3d 575, 2009-Ohio-1577, because his sentence is void, his motion to withdraw his plea must be treated as a presentence motion

under Crim.R. 32.1. However, under *Fischer*, the remainder of his sentence remained intact, and Smith's motion to withdraw his guilty plea is treated as a post-sentence motion. See *State v. Deskins*, 9th Dist. No. 10CA009875, 2011-Ohio-2605, at ¶9. Accordingly, his second assignment of error is overruled.

III.

{¶11} Smith's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed and remanded for further proceedings consistent with this opinion.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

SCOTT B. SMITH, pro se, Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.