[Cite as *State v. Sweet*, 2011-Ohio-3455.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25631 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARRYL L. SWEET | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 1999 11 2481 |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2011

CARR, Presiding Judge.

{¶1} Appellant, Darryl Sweet, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On November 9, 1999, the Summit County Grand Jury indicted Darryl Sweet on four counts of rape in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; and four counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree. Sweet initially pleaded not guilty to all of the charges in the indictment. On February 17, 2000, Sweet entered into plea agreement with the State in which he pleaded guilty to one count of rape and all other counts in the indictment were dismissed. The trial court found that the victim was under 13 years of age and that force was involved in the incident. The trial court ordered Sweet committed to the Department of Rehabilitation for life with parole eligibility after serving ten full years. The trial court further noted that Sweet was "subject to post-release control to the

extent the parole board may determine as provided by law." The trial court's sentencing entry was journalized on February 22, 2000.

{¶3} On March 16, 2010, Sweet filed a pro se motion to impose valid sentence. On March 22, 2010, the State filed a memorandum stating that the original February 22, 2000 sentencing entry did not include proper post-release control notification and that Sweet "must be sentenced de novo." On July 6, 2010, Sweet filed a motion to withdraw his guilty plea on the basis that the plea was not knowingly, intelligently, and voluntarily made because he was unaware of any possible post-release control. On that same day, Sweet filed a motion to vacate his conviction for unreasonable delay in imposing a lawful sentence. The trial court held a hearing on the motions on September 8, 2010. During the hearing, Sweet withdrew his motion to withdraw his plea. On September 15, 2010, the trial issued a journal entry denying the motion to vacate conviction. In the journal entry, the trial court noted that Sweet had been in continual custody since his arrest on November 2, 1999, and that after serving ten years, the Ohio Parole Board had ruled that he must serve an additional ten years before again being considered for parole.

{¶4} The trial court held a resentencing hearing on September 16, 2010. Subsequently, on September 27, 2010, the trial court issued a journal entry sentencing Sweet to the same prison term and notifying him that he was subject to five years post-release control.

{¶5} On October 15, 2010, Sweet filed a notice of appeal. On appeal, Sweet raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION
TO VACATE CONVICTION FOR UNREASONABLE DELAY."

{¶6} In his sole assignment of error, Sweet contends that the trial court erred when it denied his motion to vacate his conviction. This Court disagrees.

{¶7} In support of his assignment of error, Sweet contends that the trial court was without jurisdiction to resentence him in September 2010. Sweet contends that the delay which occurred between the time he entered his guilty plea and the time he was resentenced in September 2010 violated the Sixth Amendment of the United States Constitution, as applied through the Fourteenth Amendment, as well as Crim.R. 32(A)(1). Sweet also contends that under the particular circumstances of this case where he had been sentenced to life in prison, he had an expectation of finality in his sentence at the time he finished serving the mandatory minimum portion of his sentence.

{¶8} Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." The Supreme Court of Ohio has recognized that delay for a reasonable time does not invalidate a sentence. *Neal v. Maxwell* (1963), 175 Ohio St. 201, 202. This Court has held that Crim.R. 32(A) does not apply in cases where an offender must be re-sentenced. *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, at ¶19, citing *State v. Huber*, 8th Dist. No. 85082, 2005-Ohio-2625, ¶8. See, also, *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, at ¶36-37; *State v. Jones*, 9th Dist. No. 25032, 2010-Ohio-4455, at ¶9-10, *State v. Banks*, 9th Dist. No. 25279, 2010-Ohio-1039, at ¶42-43. "This logic, as it relates to Crim.R. 32(A), recognizes the distinction between a trial court refusing to sentence an offender and a trial court improperly sentencing an offender." *Spears* at ¶19. Furthermore, the Supreme Court of Ohio has held that a trial court retains continuing jurisdiction to correct a void sentence. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, at ¶19, citing *State v. Beasley* (1984), 14 Ohio St.3d 74, 75.

{¶9} The trial court in this case did not refuse to sentence Sweet. On the contrary, the trial court originally sentenced Sweet on February 22, 2000. In March 2010, both Sweet and the State filed motions which alerted the trial court that there had been an error in the imposition of post-release control. After addressing several motions which had been filed by Sweet on July 6, 2010, the trial court proceeded to hold a sentencing hearing and issue a new journal entry on September 27, 2010. As the trial court acted promptly to correct the error in notifying Sweet of post-release control upon being made aware of the issue, Sweet cannot prevail on his argument that there was unreasonable delay in imposing sentence. Furthermore, a defendant's expectation of finality in his sentence does not arise until he has completed his prison term. *State v. Deskins*, 9th Dist. No. 10CA009875, 2011-Ohio-2605, at ¶18, citing *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, at ¶70. But, see, *State v. Brown*, 9th Dist. No. 25077, 2010-Ohio-4453, at ¶22-23 (Carr, J., dissenting) (recognizing the State and general public's interest in finality, comity, and the conservation of scarce judicial resources). Thus, Sweet did not have an expectation of finality in his sentence merely because he had served the mandatory minimum portion of his life sentence. As the trial court retains continuing jurisdiction to correct a void sentence, there was not an unreasonable delay in sentencing Sweet which impacted the trial court's jurisdiction. See *Zaleski* at ¶19. It follows that the trial court did not err by denying Sweet's motion to vacate conviction and correcting the error in notifying Sweet regarding the imposition of post-release control.

{¶10} Sweet's sole assignment of error is overruled.

### III.

{¶11} Sweet's assignment of error is overruled. The judgment of the Summit County

Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.