[Cite as *State v. Gibson*, 2018-Ohio-3261.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                     :

        Plaintiff-Appellee,               :               No. 17AP-734
                                             (C.P.C. No. 17CR-234)

v.                                                :

                                            (REGULAR CALENDAR)

Howard A. Gibson,                                 :

        Defendant-Appellant.            :

---

## D E C I S I O N

### Rendered on August 14, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellant. **Argued:** *Michael P. Walton.*

**On brief:** *Todd W. Barstow*, for appellant. **Argued:** *Todd W. Barstow.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Howard A. Gibson, appeals from a judgment entry of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, to one count of unlawful sexual conduct with a minor and one count of abduction. For the following reasons, we reverse.

### I. Facts and Procedural History

{¶ 2} By indictment filed January 12, 2017, plaintiff-appellee, State of Ohio, charged Gibson with one count of rape in violation of R.C. 2907.02, a first-degree felony; and one count of kidnapping in violation of R.C. 2905.01, a first-degree felony. Gibson initially entered a plea of not guilty.

{¶ 3} Subsequently, on August 9, 2017, Gibson withdrew his previously entered not-guilty plea and instead entered guilty pleas to the stipulated lesser-included offenses of unlawful sexual conduct with a minor in violation of R.C. 2907.04, a fourth-degree felony; and abduction in violation of R.C. 2905.02, a third-degree felony. At the plea hearing, the state recited the underlying facts. Pursuant to the recitation, at approximately 4:00 p.m. on January 2, 2017, the minor victim, H.Y., had an argument with her mother and ran away from home. H.Y. was barefoot at the time she left her home. A short time later, H.Y. arrived at a homeless campsite on South Wilson Road where she met Gibson. Someone at the campsite provided H.Y. a pair of shoes and H.Y. then left the campsite, intending to sleep underneath an overpass that night.

{¶ 4} However, H.Y. subsequently returned to the campsite to obtain food and water. Upon her return, H.Y. again encountered Gibson and he offered to let H.Y. sleep in his tent on his air mattress. H.Y. fell asleep on Gibson's air mattress, but she woke up abruptly from the weight of Gibson's body on top of hers. Gibson had his hand inside the front of H.Y.'s pants and penetrated her vagina with his fingers. H.Y. then forced Gibson off of her and ran from his tent.

{¶ 5} The trial court conducted a sentencing hearing on September 15, 2017. At the hearing, Gibson moved the trial court to merge the two counts for purposes of sentencing. The trial court refused to merge the counts and sentenced Gibson to an aggregate prison term of four years. The trial court journalized Gibson's convictions and sentence in a September 15, 2017 judgment entry. Gibson timely appeals.

## II. Assignment of Error

{¶ 6} Gibson assigns the following error for our review:

> The trial court erred as a matter of law by not merging the offenses of unlawful sexual conduct with a minor and abduction for purposes of sentencing.

## III. Analysis

{¶ 7} In his sole assignment of error, Gibson argues the trial court erred in imposing his sentence. More specifically, Gibson asserts the trial court erred when it failed to merge his convictions for purposes of sentencing pursuant to R.C. 2941.25.

{¶ 8}   In reviewing a trial court's determination of whether a defendant's offenses should merge pursuant to the multiple counts statute, an appellate court reviews the trial court's R.C. 2941.25 determination de novo.  *State v. S.S.*, 10th Dist. No. 13AP-1060, 2014-Ohio-5352, ¶ 28, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 1. " 'Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions.  That facts are involved in the analysis does not make the issue a question of fact deserving of deference to a trial court.' "  *Id.*, quoting *Williams* at ¶ 25.

{¶ 9}   R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 10} Gibson argues the trial court erred when it failed to merge the offenses of unlawful sexual conduct with a minor and abduction for purposes of sentencing.  "When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense.  When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses."  *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 24.

{¶ 11} "To determine whether two offenses are allied offenses that merge into a single conviction, a court must evaluate three separate factors: the conduct, the animus, and the import."  *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 42, citing *Ruff* at paragraph one of the syllabus.  "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance – in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, and (3) the

offenses were committed with separate animus or motivation."  *Ruff* at ¶ 25.  Ultimately, if the harm resulting from each offense is separate and identifiable, the offenses are of dissimilar import and do not merge.  *Harris* at ¶ 42, citing *Ruff* at ¶ 25.

{¶ 12} As defined in R.C. 2907.04, the offense of unlawful sexual conduct with a minor provides "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."  R.C. 2907.04(A).  Additionally, R.C. 2905.02 defines the offense of abduction as "[n]o person, without privilege to do so, shall knowingly * * * [b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear."  R.C. 2905.02(A)(2).

{¶ 13} In conducting an analysis of whether two offenses are allied offenses of similar import, the Supreme Court of Ohio directs an appellate court to look beyond the statutory elements and to consider the defendant's conduct.  "A trial court and the reviewing court on appeal when considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25(A) must first take into account the conduct of the defendant.  In other words, how were the offenses committed?"  *Ruff* at ¶ 25.

{¶ 14} The state argues Gibson's act of restraining the victim's body with the weight of his own body was separate and distinct conduct from his act of engaging in sexual conduct with her.  Given the facts in the record, however, we disagree.  In *State v. Logan*, 60 Ohio St.2d 126 (1979), the Supreme Court of Ohio considered whether kidnapping and another offense of the same or similar kind are committed with separate animus.  The Supreme Court concluded that "[w]here the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions."  *Logan* at syllabus.  Though the present case involves abduction rather than kidnapping, the analysis holds for considering the animus of the restraint of a person's liberty.

{¶ 15} Here, during the plea hearing, the prosecutor stated the victim "was abruptly awoken by the weight of [Gibson's] body on her body and he had his hand down the front of his pants with his fingers penetrating her vagina."  (Aug. 9, 2017 Tr. at 13.)

Based on this limited recitation of facts in the record, Gibson's restraint of H.Y.'s liberty was incidental to the sexual conduct and lasted only as long as the sexual conduct. There is nothing in the record to suggest Gibson's restraint of H.Y.'s liberty was committed with separate animus, that it occurred at a separate time as the sexual conduct, or that it caused a separate and identifiable harm to H.Y. from the sexual conduct. *See, e.g., State v. Easley*, 10th Dist. No. 95APA01-1 (June 13, 1995) (finding there was no separate animus for the offenses of kidnapping and aggravated robbery where "[t]he duration of the victim's restraint did not exceed that necessary to complete the underlying offense, aggravated robbery; the restraint was purely incidental"); *State v. Hogan*, 10th Dist. No. 09AP-1182, 2010-Ohio-3385, ¶ 49 (holding "R.C. 2941.25 barred [the defendant] of being convicted of both the sexual assaults and the kidnapping" where "[a]ll of the restraint and removal of [the victim] was done to expedite the sexual assault" and "[t]he testimony at trial indicate[d] no other animus").

{¶ 16} Thus, based on this record, we conclude the trial court erred when it did not merge Gibson's convictions for abduction and unlawful sexual conduct with a minor. On these facts, the offenses share a similar import, were committed contemporaneously, and shared the same animus. Accordingly, we sustain Gibson's sole assignment of error.

## IV. Disposition

{¶ 17} Based on the foregoing reasons, the trial court erred when it failed to merge the offenses of abduction and unlawful sexual conduct with a minor for purposes of sentencing. Having sustained Gibson's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for further proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

BROWN, P.J., concurs.
TYACK, J., concurs in judgment only.

_____