[Cite as *State v. Womack*, 2019-Ohio-1964.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, :

                                         No. 18AP-353
v. : (C.P.C. No. 17CR-2332)

Cedric D. Womack, : (REGULAR CALENDAR)

      Defendant-Appellant. :

---

D E C I S I O N

Rendered on May 21, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee. **Argued:** *Michael P. Walton*.

**On brief:** *Yeura Venters*, Public Defender, and *Robert D. Essex*, for appellant. **Argued:** *Robert D. Essex*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Cedric D. Womack, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the state's recitation of facts at the plea hearing demonstrated that Counts 4 and 6 refer to separate conduct, they are not allied offenses of similar import and they do not merge. Therefore, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} On April 27, 2017, appellant was charged with four counts of sexual battery, each a third-degree felony; and four counts of unlawful sexual conduct with a minor, each

a third-degree felony. On February 27, 2018, appellant entered a plea of guilty to Counts 2, 4, and 6 of the indictment, each charging a count of unlawful sexual conduct with a minor. Count 2 alleged that appellant engaged in sexual conduct with M.L. during the time period from "on or about June 17, 2014 to June 16, 2015." Count 4 alleged appellant engaged in sexual conduct with M.L. during the time period from "on or about June 17, 2015 to June 16, 2016." Count 6 alleged appellant engaged in sexual conduct with M.L. during the time period from "on or about August 1, 2015 to August 31, 2015." In exchange for the guilty pleas, the remaining counts were dismissed. Because appellant pled guilty to the three charges, the recitation of the facts by the state was fairly brief. During the plea hearing, the state advised the trial court of the following facts:

> [O]n December 31, 2016, [M.L.] advised that Mr. Womack was the father of her seven-month-old baby, baby girl. The victim gave birth to her daughter on May 16, 2016, about one month prior to the victim's 16th birthday. Mr. Womack was the boyfriend of the victim's mother, [A.F.], from February 2014 until August 2016.
>
> According to the victim, Mr. Womack had sexual intercourse with her multiple times at multiple different residences from the time she was 14 years old to the time she was 16. The victim's mother, [A.F.], stated that during this time she and Mr. Womack dated, he spent time with the victim primarily as a supervisory role at her residence while [A.F.] worked nights.
>
> Biological evidence was collected from the victim and her baby girl. Mr. Womack was contacted and DNA evidence was collected from him ultimately. The Columbus Division of Police crime lab released a report after doing testing which confirmed that Mr. Womack was the biological father of the baby girl, with a probability of 99.99 percent. This all occurred here in Franklin County, State of Ohio.

(Feb. 27, 2018 Tr. at 9-10.)

{¶ 3} Appellant did not object to these facts. The court accepted appellant's pleas, scheduled the matter for sentencing, and ordered a presentence investigation ("PSI").

{¶ 4} The trial court conducted a sentencing hearing on April 17, 2018. During the hearing, the trial court inquired whether appellant's counsel had had the opportunity to review the PSI. Appellant's counsel advised that she had reviewed the report. No objections to the report were noted by appellant or his counsel. The trial court imposed a 36-month

sentence on each of the three counts and ordered that each count be served consecutively to the others for a total of 9 years of incarceration. Although appellant's counsel objected to the imposition of consecutive sentences, there was no objection relating to merger.

{¶ 5} The following day, appellant filed a motion seeking the merger of Counts 4 and 6 due to the overlapping dates in those counts. Although never expressly denying this motion, the trial court filed its sentencing entry on April 20, 2018, reflecting its imposition of the nine-year sentence. It did not merge Counts 4 and 6.

{¶ 6} Appellant appeals, assigning the following error:

> The trial court erred in failing to merge Mr. Womack's convictions in counts four and six at sentencing in violation of R.C. 2941.25, the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution.

## LEGAL ANALYSIS

{¶ 7} R.C. 2941.25, Ohio's multiple counts/allied offenses of similar import statute provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio set forth the standard to apply to merger determinations under R.C. 2941.25:

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors–the conduct, the animus, and the import.
>
> 2. Two of more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all of the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraphs one through three of the syllabus; *State v. Armengau*, 10th Dist. 14AP-679, 2017-Ohio-4452, ¶ 124.

{¶ 8} An appellate court reviews a trial court's R.C. 2941.25 merger determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28; *State v. Gibson*, 10th Dist. No. 17AP-734, 2018-Ohio-3261, ¶ 8.

{¶ 9} In his sole assignment of error, appellant alleges the trial court erred when it failed to merge Counts 4 and 6. Appellant argues that because the time periods in these counts overlap and allege the same conduct, these counts are allied offenses and should merge. We disagree.

{¶ 10} The factual recitation by the state at the sentencing hearing demonstrated that appellant engaged in multiple separate criminal acts in different time periods even though the time periods in Counts 4 and 6 overlap. The victim gave birth to a baby girl on May 16, 2016, approximately one month prior to the victim's 16th birthday. DNA evidence established that appellant was the father of the victim's baby. Given a nine-month gestation period, appellant would have engaged in sexual intercourse with the victim in approximately August 2015. This is the time period alleged Count 6 (August 1, 2015 to August 31, 2015).

{¶ 11} The recitation of facts also indicated that appellant had sexual intercourse with the victim multiple times at multiple different residences from the time she was 14 years old to the time she was 16. The victim did not turn 16 until approximately June 2016. Therefore, appellant would have engaged in sexual intercourse with the victim sometime in 2016—as the victim approached age 16. Count 4 covers this time period (i.e., June 17, 2015 to June 16, 2016).

{¶ 12} Because Counts 4 and 6 refer to separate conduct, they are not allied offenses of similar import and they do not merge. *Ruff* at paragraph three of the syllabus (no merger if conduct shows that the offenses were committed separately).

{¶ 13} In support of his argument that Counts 4 and 6 should merge, appellant relies on *Gibson*, 10th Dist. No. 17AP-734, 2018-Ohio-3261. However, appellant's reliance on *Gibson* is misplaced. In *Gibson*, this court determined that the state's recitation of facts demonstrated that the offenses of abduction and unlawful sexual conduct with a minor were committed contemporaneously. As noted above, the state's recitation of facts in the case at bar established separate acts in different time periods.

{¶ 14} The state also argues that facts contained in the PSI further undercut appellant's merger argument. Because the recitation of facts by the state at the plea hearing demonstrate that Counts 4 and 6 refer to separate conduct in different time periods, we do not reach the question of whether a court may also rely on facts contained in a PSI in determining merger. However, we note that some courts, including this court, have concluded that facts contained in a PSI can be considered in the merger analysis. *E.g.*, *State v. Cisco*, 5th Dist. No. 13 CAA 04 0026, 2013-Ohio-5412, ¶ 30; *State v. Broomfield*, 10th Dist. No. 12AP-469, 2013-Ohio-1676, ¶ 12 (court relied on facts contained in PSI in determining merger); *State v. Knight*, 12th Dist. No. CA2016-02-028, 2016-Ohio-7991, ¶ 13 (in making allied offenses determination, trial court can look to the information contained in the record, including the PSI); *State v. Tannreuther*, 12th Dist. No. CA2013-04-062, 2014-Ohio-74, ¶ 16 (same).

{¶ 15} For the foregoing reasons, we hold that the trial court did not err when it convicted and sentenced appellant on both Counts 4 and 6. Therefore, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.