[Cite as *State v. Scott*, 2022-Ohio-1796.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JOSHUA SCOTT

    Appellant

C.A. No.    20CA011693

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20CR102131

DECISION AND JOURNAL ENTRY

Dated: May 31, 2022

HENSAL, Judge.

**{¶1}** Joshua Scott appeals his sentence from the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Mr. Scott was charged with one count of possession of cocaine, one count of obstructing official business, and one count of failure to comply with an order or signal of a police officer. He pleaded not guilty. The State later amended the failure-to-comply count to reduce it from a felony to a misdemeanor, and Mr. Scott pleaded guilty to the amended indictment. The trial court ordered a pre-sentence investigation ("PSI") and set the matter for a sentencing hearing.

**{¶3}** At the sentencing hearing, the trial court noted that it had reviewed the PSI report. On appeal, the parties rely on the facts contained in that report. This Court will do the same. *State v. Womack*, 10th Dist. Franklin No. 18AP-353, 2019-Ohio-1964, ¶ 14.

{¶4} According to the PSI report, Officer Hume with the Elyria Police Department encountered Mr. Scott's vehicle while Officer Hume was on his way to provide back-up to other officers conducting a traffic stop on West Avenue. Officer Hume observed Mr. Scott's vehicle turn onto West Avenue, accelerate at a high rate of speed, and become dangerously close to the rear of one of the officer's police cruisers before eventually driving left of the cruiser and passing the traffic stop. Officer Hume found Mr. Scott's conduct to be suspicious, an aggressive movement toward those officers, and/or a sign that Mr. Scott was impaired.

{¶5} Officer Hume attempted a traffic stop on Mr. Scott's vehicle. Officer Hume activated his overhead emergency lights and his overhead take-down lights, and Mr. Scott brought his vehicle to a stop. Officer Hume then approached the passenger side of Mr. Scott's vehicle, at which time Mr. Scott accelerated and fled. Officer Hume alerted dispatch to the situation, activated his emergency equipment and sirens, and began pursuing the fleeing vehicle.

{¶6} Officer Hume eventually closed the distance between his vehicle and Mr. Scott's vehicle, and Mr. Scott came to a stop. Officer Hume approached Mr. Scott's vehicle and observed that the passenger-side window was partially rolled down, and that smoke was inside the vehicle. Officer Hume instructed Mr. Scott to roll the window completely down and to show his hands. Mr. Scott did not respond to Officer Hume's commands. As a result, Officer Hume relayed this information to dispatch and requested additional officers in the event of a standoff. After a few minutes, Mr. Scott rolled the window completely down, exited his vehicle, and was taken into custody without further incident.

{¶7} As previously noted, at the sentencing hearing, the trial court noted that it had reviewed the PSI report. It then sentenced Mr. Scott to three years of community control on all three counts and suspended his driver's license for twelve months in relation to the failure-to-

comply count. He now appeals his sentence, raising one assignment of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT FINDING THAT OBSTRUCTING OFFICIAL BUSINESS AND FAILURE TO COMPLY ARE ALLIED OFFENSES OF SIMILAR IMPORT AND MERGED FOR PURPOSES OF SENTENCING.

**{¶8}** In his sole assignment of error, Mr. Scott argues that the trial court erred by not finding that the obstructing-official-business count and the failure-to-comply count were allied offenses, and by not merging them for purposes of sentencing. Mr. Scott acknowledges that his counsel did not raise the issue of merger at the trial court and, as a result, his argument is subject to plain-error review.

**{¶9}** The Supreme Court has stated that, "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3. "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id*.

**{¶10}** Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶11} The trial court found Mr. Scott guilty of one count of failure to comply in violation of Section 2921.331(B) and one count of obstructing official business in violation of Section 2921.31(A). Section 2921.331(B) provides that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." Section 2921.31(A) provides that "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

**{¶12}** Mr. Scott argues that the failure-to-comply and obstructing-official-business counts stemmed from the same conduct of failing to pull his vehicle over, fleeing from the police, and then failing to comply with Officer Hume's command to roll his window down and show his hands. He argues that, since his convictions arose from the same conduct, the failure-to-comply and obstructing-official-business counts were allied offenses that should have been merged for purposes of sentencing.

**{¶13}** In support of his position, Mr. Scott attempts to distinguish his case from this Court's decision in *State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2014-Ohio-1876.[1] There, the defendant led the police on a high-speed car chase. *Id.* at ¶ 2, citing *State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2012-Ohio-2117, ¶ 11. After the defendant's tires were blown out, the defendant exited the vehicle and led the police on a foot chase until the police located the defendant in a ditch. *Id.* The defendant was found guilty of failure to comply in violation of Section 2921.331(B) and obstructing official business in violation of Section 2921.31(A). *Id.*

**{¶14}** On appeal, the defendant argued that the trial court erred by sentencing him on allied offenses of similar import. *Id.* at ¶ 7. This Court disagreed, explaining that the conduct supporting the failure-to-comply count ended once the defendant stopped driving the vehicle, and that the subsequent foot chase constituted separate conduct that could serve as the basis for the obstructing-official-business count. *Id.* at ¶ 17, 18. This Court also explained that the defendant had not shown that the State relied upon the same conduct to support both offenses. *Id.* at ¶ 18.

**{¶15}** Mr. Scott argues that this case is distinguishable from *Washington* because, unlike *Washington*, both of his convictions arose from the brief car chase and there was no separate

---

[1] We note that Mr. Scott incorrectly states that this decision was from the Ohio Supreme Court. This Court rendered the cited decision after the Ohio Supreme Court's remand in *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982.

conduct that led to the obstructing-official-business count. The State disagrees, arguing that the failure-to-comply count arose from the high-speed car chase, and that the obstructing-official-business count arose from Mr. Scott's failure to obey the officer's repeated commands to roll his window down and show his hands.

{¶16} This Court is unpersuaded by Mr. Scott's attempt to distinguish his case from *Washington*. The facts indicate that Mr. Scott fled from Officer Hume and, once that pursuit ended, Mr. Scott refused to obey Officer Hume's commands to roll his window completely down and show his hands, which prompted Officer Hume to call for back-up in the event of a standoff. Like in *Washington*, Mr. Scott's failure-to-comply conduct ended when Mr. Scott brought his vehicle to a stop after fleeing from Officer Hume. *See Washington*, 2014-Ohio-1876, at ¶ 17 ("The conduct supporting the failure to comply count ended once the police successfully deflated the tires on the stolen car and Washington was forced to stop driving it.") Mr. Scott then refused to obey Officer Hume's commands to roll his window completely down and show his hands, which was separate conduct from the conduct supporting the failure-to-comply count.[2] *See id.* at ¶ 18 ("The foot chase Washington initiated constituted separate conduct that could serve as the basis for his obstructing count."). Having reviewed the record and the arguments presented, this

---

[2] We note that Mr. Scott waived his right to challenge the sufficiency of the evidence when he pleaded guilty to the charged offenses. *See State v. Deskins*, 9th Dist. Lorain No. 10CA009875, 2011-Ohio-2605, ¶ 24, citing *State v. Phillips*, 9th Dist. Summit No. 24198, 2008-Ohio-6795, ¶ 10.

Court concludes that Mr. Scott has not demonstrated that the trial court erred by not inquiring as to whether his convictions should merge for purposes of sentencing. *Rogers*, 2015-Ohio-2459, at ¶ 3. Accordingly, Mr. Scott's assignment of error is overruled.

III

**{¶17}** Mr. Scott's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ALISSA R. BARBOSKY and MICHAEL E. STEPANIK, Attorneys at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.